## Schlemmer, Appellant, v. Buffalo, Rochester & Pittsburg Railway Company.

*Railroads—Negligence—Brakeman—Coupling cars—Contributory negligence—Nonsuit.*

In an action against a railroad company to recover damages for the death of a brakeman, a nonsuit is properly entered on account of the contributory negligence of the deceased, where the evidence showed that the deceased at the time of his death was engaged in making a coupling between a car and a steam shovel or construction car, that immediately before the accident he was warned of the danger, was twice instructed as to the manner of operation, but contrary to instructions raised his head too high, and was struck and killed.

*Railroads—Negligence—Interstate commerce—Automatic couplers.*

Not decided whether the act of congress of March 2, 1893 (27 U. S, Stat. at Large, 531) in regard to the use of automatic couplings on cars employed in interstate commerce, has any applicability at all in actions for negligence in the courts of Pennsylvania.

Argued Oct. 15, 1903. Appeal, No. 30, Oct. T., 1903, by plaintiff, from judgment of C. P. Jefferson Co., April T., 1901, No. 194, refusing to take off nonsuit in case of Catharine Schlemmer v. Buffalo, Rochester & Pittsburg Railway Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before THOMAS, P. J., specially presiding.

At the trial it appeared that the deceased, Adam M. Schlemmer,

a brakeman in the employ of defendant, met his death on August 5, 1900, while coupling a car and a steam shovel car. The circumstances of the accident are stated by THOMAS, P. J., in an opinion sur motion to take off nonsuit, which was as follows :

Ordinarily, a master is required to provide for his servants or employees, not perfect, or even the best of appliances, but such as are reasonably suitable for the purpose of carrying on the business about which they are engaged. When this has been done, the employee assumes the risk of injury from such ordinary dangers as necessarily and usually accompany his employment and from any unusual dangers incident to said employment of which he had notice and voluntarily exposed himself thereto.

The evidence showed that plaintiff's decedent, who was shown to have been a competent man in the position of brakeman, which he occupied and in which he had had considerable experience, attempted to make a coupling, which was shown not to have been complicated or difficult to understand, and of which said decedent undoubtedly had a thorough knowledge and comprehension, between one of defendant's cars and a steam shovel or construction car, which was being conveyed by defendant company, for some private parties, from a point in the state of New York to one in this commonwealth; that plaintiff's decedent, who could evidently see and understand the said coupling as attached to the steam shovel, had his attention called thereto, and was directed as to his position in making use thereof twice by the conductors of his own train and of the switching engine crew, and within a very few minutes of the accident; and that in making said coupling, decedent, contrary to the instruction, immediately prior thereto given, raised his head too much, and because of that, as well as because of the irregularity or unevenness of the heights of the respective car and steam shovel, and the absence of bumpers or deadwoods that would properly operate for the purpose of preventing that which actually happened, the decedent's head was crushed, resulting in his almost immediate death.

The plaintiff's statement declares that the coupling of the steam shovel was exceedingly complicated and dangerous, and that decedent was not warned of said unusual and dangerous

appliance, and by reason thereof the accident happened which resulted in the death of decedent.

Plaintiff's testimony not only fails to sustain these charges but quite negatives them.

That the coupling arrangement was not complicated was made very apparent by the testimony; that decedent was warned as to the danger and directed as to the manner of operation was conclusively proven; and that he attempted the act of making the coupling with a full knowledge of the danger seems to be beyond controversy.

A citation of authorities is not necessary to show that the defendant company is not to be held for negligence because of the fact that it has undertaken to convey a steam shovel, equipped with a means of coupling which is not of the latest device, or even if it were dangerous, where the brakeman understood or was made aware of the difficulty or danger to be guarded against; nor if the injury was caused by the fault of the employee in taking unnecessary risks, or in failing to heed warnings or instructions, especially when given by his superiors whose duty it is to do so ; nor by voluntarily placing himself unnecessarily in a dangerous position whereby he is injured.

It is alleged that these rules are not applicable to the case at bar, or rather that the case at bar is removed therefrom by the act of congress, which went into effect a few days prior to this accident, and which prohibits all carriers from hauling or permitting to be hauled on their lines any car used in interstate traffic which is not equipped with the automatic coupler, the eighth section of which provides, " that any employee of such common carrier who may be injured by any locomotive car, or train in use contrary to the provisions of this act shall not be deemed thereby to have assumed the risk thereby occasioned, although continuing in the employment of such common carrier after the unlawful use of such locomotive, car, or train has been brought to his knowledge."

It is urged that this steam shovel was not a " car used in interstate traffic," and therefore, the act of congress is not applicable thereto. . . .

But even were the steam shovel, as shown to have been operated or transferred and equipped, construed to come under the provisions of said act, we are of opinion that plaintiff is not

entitled to recover, for the reason that her own testimony adduced at the trial showed the decedent to be guilty of negligence that contributed to his death.

True, under said act he was not considered to have assumed the risk of his employment, but by this is certainly meant no more than such risks as he was exposed to thereby, and resulted in injury free from his own negligent act. It would hardly be argued that defendant would be liable, under such circumstances, were the employee to voluntarily inflict an injury upon himself by means of the use of the improperly equipped car. And yet it is but a step from contributory negligence to such an act.

We think the true position to be, that the employee is placed in the position that he would be, in case he were furnished with a defective appliance, which fact is known to his employer but not, either actually or constructively, to the employee. In such a case the employee has not assumed the said risk incident to his employment, and yet it would not be seriously contended that such an employee might recover for an injury to which his own negligence had contributed.

It has been held that contributory negligence will bar a recovery for an injury inflicted by defendant's negligence which is the result of a failure to comply with statutory requirements: McRickard v. Flint, 114 N. Y. 222 (21 N. E. Repr. 1593); Grand v. Mich. C. R. Co., 83 Mich. 564; Nugent v. Vanderveer, 38 Hun, 487; 39 Hun, 322. . . .

It seems very clear to us that, whatever view we may take of this case, we are led to the legal conclusion that decedent was guilty of negligence that contributed to his death, and that the plaintiff, however deserving she may be, or however much we regret the unfortunate accident, cannot recover.

The motion to take off the nonsuit is refused.


*Error assigned* was the order of the court refusing to take off nonsuit.


*A. J. Truitt*, with him *Jeff. G. Wingert* and *Charles Corbet*, for appellant.

*Cadmus Z. Gordon*, with him *C. H. M'Cauley*, for appellee.

PER CURIAM, November 9, 1903 :

Whether the act of congress of March 2, 1893 (27 U. S. Stat. at Large, 531), in regard to the use of automatic couplings on cars employed in interstate commerce, has any applicability at all in actions for negligence in the courts of Pennsylvania, is a question that does not arise in this case, and we therefore express no opinion upon it. The learned judge below sustained the nonsuit on the ground of the deceased's contributory negligence and the judgment is affirmed on his opinion on that subject.